IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

AARON CURTIS AHERN,

            Plaintiff,

   v.

UNITED STATES OF AMERICA; JEFFERSON COUNTY OREGON,

            Defendants.

Civ. No. 6:24-cv-00840-AA

**OPINION & ORDER**

AIKEN, District Judge.

This case comes before the Court on Defendant United States of America's Motion to Dismiss, ECF No. 9, and on Plaintiff's Motion to Amend the Complaint, ECF No. 12. For the reasons set forth below, the United States's Motion to Dismiss is GRANTED and Plaintiff's Motion to Amend is DENIED. This case is dismissed.

## LEGAL STANDARD

### I. Lack of Subject Matter Jurisdiction Rule 12(b)(1)

Federal courts are courts of limited jurisdiction, and generally have jurisdiction as authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts presume that a case "lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Federal Rule of Civil

Procedure 12(b)(1) allows a defendant to challenge subject matter jurisdiction. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## II. Failure to State a Claim Rule 12(b)(6)

To survive a motion to dismiss under the federal pleading standards, a pleading must contain a short and plain statement of the claim and allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a pleading does not require "detailed factual allegations," it needs more than "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 677-78. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. Legal conclusions without any supporting factual allegations do not need to be accepted as true. *Id.*

## DISCUSSION

In his original Complaint, ECF No. 1, Plaintiff, who is self-represented, brings claims for (1) abuse of process, (2) involuntary servitude, (3) medical malpractice, (4) unjust enrichment, (5) discrimination in programs receiving federal funds, (6) pain and suffering, and (7) wrongful conversion. In the Amended Complaint, ECF No. 13, Plaintiff brings claims for (1) abuse of process, (2) "Chattel Slavery/Involuntary

servitude," (3) the "carrying out of Intentional Torts," (4) "Violations of bodily integrity," (5) medical malpractice, and (6) pain and suffering. Defendants are the United States and Jefferson County. The United States moved to dismiss the original Complaint, ECF No. 9, and, while briefing on that motion was underway, Plaintiff filed a Motion for Leave to file Amended Complaint, ECF No. 12, followed by his Amended Complaint, ECF No. 13.

Even considered together, the Complaint and Amended Complaint do not present a coherent narrative or claim. Plaintiff alleges that he was awarded $45,000,000 in damages in a suit in Jefferson County Circuit Court but that the case was dismissed without prejudice. The Court presumes, from later statements in the Complaint, that this statement refers to *Ahern v. Jefferson County et al.*, Case No. 3:23-cv-01042-SI, which named the United States Forest Service as a defendant. That was removed from circuit court to federal court and the claims against the federal defendants were dismissed and the balance of the claims remanded to state court on November 3, 2023. The original Complaint in this case indicates that Plaintiff's stare court case was subsequently dismissed for want of prosecution. Compl. 3.

Plaintiff's other claims are similarly incoherent. He claims that Defendants "have carried out the Atomic Energy Act of 1954 in this case," although Plaintiff lists his date of birth as October 29, 1982. Compl. 1, 3. He alleges that he was "wrongfully denied Entry Into the Army," but also asserts that he "was lable [sic] as a Service Disabled Vet and never contacted Again by the Department of Vetran [sic] Affairs."

*Id.* at 3. Plaintiff claims that a "device" was implanted in him against his will and "Another entity is claiming ownership of the Device" making Plaintiff "a slave living in involuntary servitude." *Id.* Plaintiff alleges that he is "not being treated as a Human but Instead a corporation, and the property of Another Entity who was Originally the United States." *Id.* at 6.

In his Motion to Amend, Plaintiff asserts that he "was in a state of panic when drafting the original complaint" and "may have left out some details important to the case." The Amended Complaint is no more coherent, however. In the Amended Complaint Plaintiff alleges that he gave a ride to a man named Jose Hernandez who attacked him. Am. Compl. 1. Plaintiff asserts that "after some research and reading Jefferson counties [sic] activities I determined for fact During the attack my bodily integrity was violated and I was in fact implanted with a pharmaceutical agent, consistent with the Atomic Energy Act of 1954 and Modern day Involuntary servitude." *Id.* at 2. Plaintiff has "been viewed as an artificial person since the assault" and that "Artificial persons are viewed as servants or corporations belonging to another," which Plaintiff asserts "is Chattel Slavery as well." *Id.* Plaintiff alleges "I'm a piece of movable personal property." *Id.* Plaintiff has included printouts of text which he asserts are "a Computer program the Defendants employees installed on my personal computer that destroyed my computer," which is "additional proof that they have wrongfully interfered with my life." *Id.* at 3. Plaintiff continues to assert that a device has been implanted in him. *Id.*

The United States moves to dismiss this action based on a lack of jurisdiction.

"[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and insubstantial as to be absolutely devoid of merit; [are] wholly insubstantial; [or are] obviously frivolous." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (internal quotation marks and citations omitted). In *O'Brien v. United States Dep't of Justice*, 927 F. Supp. 382. 384-85 (D. Ariz. 1995), the court confronted a plaintiff with claims involving "hi-tech satellite" surveillance equipment that contaminated the plaintiff with "vile germs in her throat and lungs." *Id*. at 384-85. The claims in *O'Brien* were as untethered from reality as those in the present case and the court found the allegations "so bizarre and delusional that they are wholly insubstantial and cannot invoke this Court's jurisdiction." *Id*. at 385; *see also Zukowska v. United States Dep't of Homeland Security*, Case No. 3:17-cv-00354-AC, 2018 WL 8017163, at *7 (D. Or. Dec. 28, 2018) (finding claims involving a "massive conspiracy, necessitating the participation of seemingly hundreds of agents, for the purpose of violating Plaintiff's constitutional rights and causing her physical, emotional, and financial harm" to be "wholly insubstantial and devoid of merit" and dismissing for lack of subject matter jurisdiction). The Court reaches the same conclusion in the present case. Plaintiff's allegations about implanted devices and artificial people are wholly insubstantial and devoid of merit and this Court lacks subject matter jurisdiction to consider them.

      Even if the Court had subject matter jurisdiction, the Complaint and Amended Complaint both fail to state a claim. The Supreme Court has held that a complaint may be dismissed as "factually frivolous" if the facts alleged are "clearly baseless,"

which is "a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal quotation marks and citations omitted). A "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. Here, Plaintiff's claims, which involve artificial people and the covert installation of a mysterious "device" in Plaintiff's body, clearly meet this standard. Even if they did not, they would still fall far short of "plausibly" alleging a claim to relief. Plaintiff's claims must be dismissed.

Finally, the Court turns to Plaintiff's motion to amend the Complaint and the possibility of future amendment. Federal Rule of Civil Procedure 15(a)(2) governs amendments and provides that "[t]he court should freely give leave when justice so requires." "In general, a court should liberally allow a party to amend its pleadings." *Sonoma Cnty. Ass'n of Ret. Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2012). However, leave to amend "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). The court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alterations in original). The court need not apply all five factors in each case, and not all factors merit equal

merit. *Eminence Capital, LLC v. Aspeon*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Prejudice to the opposing party is the most important factor." *Jackson*, 902 F.2d at 1387.

Here, as set forth above, the Court has considered the allegations in Plaintiff's proposed Amended Complaint and finds that, whether considered separately or in conjunction original Complaint, that the claims fall far short of plausibly alleging a claim for relief or a claim falling within the Court's jurisdiction. Plaintiff's motion to amend the Complaint will therefore be denied as futile. The Amended Complaint also provides a clear indication that Plaintiff would not be able to plead a cognizable, non-frivolous claim if he were granted further leave to amend. Dismissal shall therefore be without prejudice but without leave to amend.

## CONCLUSION

For the reasons set forth above, the United States's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim, ECF No. 9, is GRANTED. Plaintiff's First Motion for Leave to File Amended Complaint/Petition, ECF No. 12, is DENIED as futile. This case is dismissed without prejudice but without further leave to amend. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ___2nd___ day of October 2024.

/s/An Aiken
ANN AIKEN
United States District Judge